[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13949

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAMAR RATLIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:08-cr-00038-RH-GRJ-2

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Kevin Ratliff, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act of 2018. The government has moved for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

In 2008, a jury found Ratliff guilty of conspiring to distribute or possess with intent to distribute five grams or more of crack cocaine and possessing with intent to distribute five grams or more of crack cocaine. The district court imposed a sentence of 360 months' imprisonment for each offense with the sentences to run concurrently.

After Ratliff was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100, (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. See Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act's reduced pen-

alties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to give district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020). Section 404 of the First Step Act authorizes a district court "that imposed a sentence for a covered offense" to reduce a defendant's sentence. First Step Act § 404(b). A "covered offense" refers to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). The First Step Act further provides that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." *Id.* § 404(c). As we have explained, this provision bars a district court from considering a motion for a sentence reduction from a defendant "who already benefitted from the Fair Sentencing Act by having his sentence imposed or reduced 'in accordance with' sections [2] or [3] of the Fair Sentencing Act." *Jones*, 962 F.3d at 1297.

After the First Step Act went into effect, the district court entered an order reducing Ratliff's sentences to 262 months' im-

4                    Opinion of the Court                    21-13949

prisonment for each count with the sentences to run concurrent-ly.

More than two years after the district court entered the or-der reducing his sentence, Ratliff filed a new motion requesting a further sentence reduction under § 404 of the First Step Act. The district court denied Ratliff's motion. This is his appeal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy is-sues are involved or those where rights delayed are rights de-nied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* whether a district court had the au-thority to modify a term of imprisonment. *Jones*, 962 F.3d at 1296.

Ratliff argues on appeal that the district court erred in denying his most recent motion for a sentence reduction. But we conclude that the district court properly denied Ratliff's motion. Because the district court's earlier order had reduced Ratliff's sen-tence in accordance with section 2 and 3 of the Fair Sentencing

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981

21-13949          Opinion of the Court          5

Act, it was not authorized to entertain Ratliff's later motion requesting a further reduction under § 404 of the First Step Act. *See* First Step Act § 404(c); *Jones*, 962 F.3d at 1297. Because there is no substantial question as to the outcome of this appeal, we conclude summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.